UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALQUIDANIA MIOLAN,<br><br>     Plaintiff,<br><br>  -against-<br><br>MILMAR FOOD GROUP, LLC,<br><br>     Defendant. | 24-CV-6136 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated August 13, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are from Plaintiff's complaint. Plaintiff worked for Defendant Milmar Food Group, LLC, at a frozen food manufacturing facility in Goshen in Orange County, New York. (ECF 1 at 4-5.) On July 19, 2016, Plaintiff slipped and fell at work, injuring her back, arms, and knees. (*Id.*) At the time, the floor was "covered in water," but "[t]here was no wet floor sign or anything of the sort to indicate [that] the floor was hazardous." (*Id.* at 5.) Coworkers took Plaintiff to New York Presbyterian Hospital. Over the years since the incident, Plaintiff has needed five operations as a result of her injuries.

Plaintiff attaches to the complaint a letter addressed to her from an attorney, which refers to the Appellate Division's decision, dated July 25, 2023, affirming dismissal of her case "against the Milmar defendants." The letter states:

> This decision, as indicated above, confirmed the dismissal of your case for the reasons stated in the decision here attached, and also below by the trial court Judge. As you will recall we advised you to accept the last settlement offer on this case, and you refused our repeated written and verbal counsel.
> . . .
> Now that the Appellate Court has confirmed the dismissal, we consider this case closed. This does not relate to your Worker's Compensation claims, only to the law suit against the Milmar Defendants.
>
> You are entitled to request that the Appellate Division, or the Court of Appeals permit you to file a further appeal. If you intend to ask the Court for that permission, you will have only thirty (30) days within which to do so. As the case stands now it is dismissed, and if you do not seek permission for a further appeal that dismissal will become final at the expiration of that 30 day period with the countdown starting on July 31, 2024.

(*Id.* at 9.)

Plaintiff also attaches a copy of the Appellate Division's decision, which affirms the Supreme Court's decision granting summary judgment on the ground that "the plaintiff's claims were barred by the exclusivity provisions of the Workers' Compensation Law." *Miolan v. Milmar Food Grp., LLC*, 214 N.Y.S.3d 188, 189 (2d Dep't 2024).

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff has not

3

invoked the Court's federal question jurisdiction, and her slip-and-fall allegations against a private employer do not suggest any obvious claim arising under federal law.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1), and a limited liability company or other unincorporated entity possesses the citizenship of each of its members, *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016).

Plaintiff provides an address for herself in New York and alleges that she is a citizen of New York. (ECF 1 at 2-3.) Plaintiff alleges that Defendant is a citizen of New York (*id.* at 3), though she does not allege facts identifying the members of the limited liability company and their citizenship. Plaintiff thus fails to satisfy her burden of showing that the citizenship of the parties is diverse.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). For example, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Here, however, it appears that Plaintiff shares the citizenship of the only defendant named in this action, and it would therefore be futile to grant Plaintiff leave to amend to replead these allegations.

Moreover, it appears from the attachments to the complaint that Plaintiff has already litigated in state court the same claims that she seeks to raise in this action, and that those claims were resolved against her. *See St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). The Court also notes that federal district courts do not hear appeals from state court decisions and lack authority to "reverse" state court decisions. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) (holding that the statute authorizing original federal jurisdiction, 28 U.S.C. § 1331, "does not authorize district courts to exercise appellate jurisdiction over state-court judgments[.]"); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (district courts are barred from "hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)). If Plaintiff wishes to request leave to appeal to the New York state Court of Appeals from the decision of the Appellate Division, which is a state court, the letter from her attorney attached to the complaint provides directions for doing so.

5

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   August 14, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                          Chief United States District Judge